# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NEKESHA MCCLINTON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **Case No.:** |
| V. | ) | |
| | ) | |
| SUMMITMEDIA, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| DEFENDANT(S). | ) | |
| | ) | |

## COMPLAINT

## JURISDICTION

1. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

2. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

3. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A).  The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

4. Plaintiff, Nekesha Mcclinton, ("Plaintiff" or "McClinton") is a resident of Alabaster, Shelby County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Northern Division.

5. Defendant SummitMedia, LLC ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

## FACTS

6. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

7. McClinton is a person of African ancestry, colloquially referred to as "Black."

8. Plaintiff began her employment with defendant on or about November 4, 2019 as a Business Manager.

9. Defendant terminated Plaintiff's employment on or about December 15, 2020.

10. While employed with Defendant she received job duties as they came up, she had no set job description.

11. Plaintiff was the sole collector of funds for advertisement.

12. When the account representatives made sales, the executives would let Plaintiff know and she would contact the customer to collect payments.

13. On February 17, 2020, Claire Anderson, a person of European ancestry, colloquially referred to as "white," told Plaintiff about a new account, for a customer by the name of Nails.

14. The Nails account was a "cash in advance" account.

15. Plaintiff immediately charged the account with the credit card Anderson provided. Over the next few weeks, Anderson changed the account and updated the credit card several times. Each time a change was made, Anderson told the Plaintiff.

16. McClinton had weekly meetings with the account executives where they discussed the accounts and those that were 60-90 days late would go to collections.

17. The Nails account did not get charged in March or April of 2020 because of the COVID-19 pandemic.

18. Anderson, the Account Executive failed to tell McClinton to continue charging the account during their weekly meetings.

19. In May 2020, Plaintiff realized the Nails account was not being charged and brought this to Anderson's attention.

20. Anderson apologized for not assigning Plaintiff the task and stated they should continue to charge the account weekly.

21. Plaintiff immediately started charging the account weekly and Nails never missed a payment.

22. In October 2020, Anderson and the account owner of Nails discussed stopping the charges to reconcile his account.

23. Anderson advised Plaintiff to hold all charges.

24. Plaintiff was still collecting payments, but the account was not paid in full as invoices did not populate until one week after posting and Plaintiff did not have access to an accurate account balance.

25. McClinton emailed Anderson weekly, telling her the company needed to collect all money due.

26. Anderson responded that she wanted to wait until the Respondent's "One Day Sale," on November 19, 2020, so she could sell the customer advertisements for next year.

27. On October 13, 2020, Cummings and Walker placed McClinton on a Performance Improvement Plan ("PIP") for four weeks.

28. Neither Cummings nor Walker told McClinton what she did wrong.

29. After the PIP, Cummings and Walker told McClinton to carbon copy them on all emails.

30. McClinton complied and reported to Cummings weekly to tell him about her work schedule.

31. Cummings and Moore told McClinton that if she did not comply, she would be terminated.

32. Each week Cummings told McClinton that he was satisfied with her work and that her numbers looked great.

33. On November 17, 2020, Cummings told her she had successfully completed the PIP.

34. On November 26, 2020, the Nails account stopped running ads.

35. The next week several invoices populated for Nails.

36. On December 11, 2020, McClinton told Erin Nuttle, the Collections Manager, about the Nails account.

37. Defendant terminated her employment on or about December 15, 2020.

38. The Respondent said it was terminating McClinton because she did not take payments on the Nails accounts.

39. Nuttle, a white woman, replaced McClinton after the Respondent terminated her employment.

40. Nuttle has failed to charge a cash in advance account but Defendant did not terminate her employment.

41. Anderson, the account executive, who told McClinton not to charge the account, who is a white person, has not been terminated.

## COUNT I TITLE VII - RACE DISCHARGE

42. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

43. Plaintiff is a person of African ancestry, colloquially referred to as "Black.".

44. Plaintiff was qualified for her job.

45. Defendant terminated Plaintiff's employment on or about December 15, 2020.

46. Nuttle and Anderson engaged in the same or similar conduct but remained employed.

47. Nuttle is a person of European ancestry, colloquially referred to as "white."

48. Anderson is a person of European ancestry, colloquially referred to as "white.".

49. Defendant's actions in terminating Plaintiff's employment violated Title VII.

50. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and benefits.

51. Defendant did not terminate Nuttle or Anderson for the same or similar conduct.

52. Defendant's Race was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

53. Because of Defendant's discriminatory decision made in whole or in part because of race, Plaintiff has lost pay and continues to be paid less.

## COUNT II 42 U. S. C. § 1981 DISCHARGE

54. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

55. Plaintiff is a person of African ancestry.

56. Plaintiff was qualified for her position .

57. On or about December 15, 2020, Defendant terminated Plaintiff's employment.

58. Because of Defendant's discriminatory decision made in whole or in part because of her race, Plaintiff has lost pay and continues to be paid less.

59. Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

60. Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of her race in violation of 42 U. S. C. § 1981.

61. But for Plaintiff's race, Plaintiff's employment would not have been terminated.

62. Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

D. Award her back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E. Attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

*/s/ Rachael Schexnailder*
Rachael Schexnailder (SCH145)
Kira Fonteneau (FON007)

_____

OF COUNSEL:

The Fonteneau Firm LLC
2 North 20th Street
Suite 900
Birmingham, Alabama 35203
T: 205.564.9005 F: 205.564.9006

## PLEASE SERVE DEFENDANT AS FOLLOWS

**SummitMedia, LLC**

**2700 Corporate Dr. Ste. 115**

**Birmingham, AL 35242**

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA DIVISION

| | | |
|---|---|---|
| **NEKESHA MCCLINTON,** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **Case No.:** |
| | ) | |
| **SUMMITMEDIA, LLC,** | ) | |
| **DEFENDANT(S).** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## CONFLICT DISCLOSURE STATEMENT

COMES NOW the Plaintiff, Nekesha McClinton, through the undersigned attorney of record, and under the Order of this Court, making the following disclosure about parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the Northern District of Alabama's Order:  **This party is an individual.**

Respectfully submitted on July 13, 2021.

*/s/ Rachael Schexnailder*
Rachael Schexnailder (SCH145)
Kira Fonteneau (FON007)

**OF COUNSEL:**

The Fonteneau Firm LLC
2 North 20th Street
Suite 900
Birmingham, Alabama 35203
T: 205.564.9005 F: 205.564.9006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# DIVISION

NEKESHA MCCLINTON,

    PLAINTIFF,

VS.                                      CV NO.:

SUMMITMEDIA, LLC,

    DEFENDANT.                  JURY TRIAL DEMANDED

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Please serve the Defendant(s), SummitMedia, LLC by certified mail under Alabama Rules of Civil Procedure 4(i)(2) and Federal Rule of Civil Procedure 4(e)(1).

Respectfully submitted on July 13, 2021.

                                                          */s/ Rachael Schexnailder*

                                                          Rachael Schexnailder (SCH145)
                                                          Kira Fonteneau (FON007)

**OF COUNSEL:**

The Fonteneau Firm LLC
2 North 20th Street
Suite 900
Birmingham, Alabama 35203
T: 205.564.9005 F: 205.564.9006